IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 16–16–BU–DLC |
| Plaintiff, | |
| vs. | ORDER |
| JUDITH MAY COLLINS, | |
| Defendant. | |

Before the Court is Defendant Judith May Collins's Motion for Early Termination of Supervision. (Doc. 88.) Ms. Collins pled guilty to conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846, and, on November 17, 2016, was sentenced to a custodial sentence of 72 months, followed by 5 years of supervised release. (Doc. 36.) Ms. Collins began her period of supervised release in January 2020 and is currently supervised by the United States Probation Office for the District of Montana. (Doc. 89 at 2.) Ms. Davis now seeks the premature termination of her remaining term of supervised release, which is set to terminate in January 2025. (*Id.*) Neither the United States Attorney's Office nor the United States Probation Office objects to the motion. (*Id.* at 4.)

Under federal law, this Court may:

> after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation,[1] if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).

This expansive phrasing makes clear that this Court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). Ms. Collins began her five term of supervised release on January 23, 2020, rendering her statutorily eligible for the premature termination of her remaining term of supervised release. Accordingly, the Court will consider the pertinent factors.

These include, but are not limited to: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct [and] to protect the public from further crimes of the defendant;" (3) the applicable sentencing guidelines; (4) "the need to avoid unwarranted sentence disparities

---

[1] The Federal Rules of Criminal Procedure generally obligate this Court to hold a hearing prior to modifying the conditions of Ms. Collins's supervised release. Fed. R. Crim. P. 32.1(c). Such a hearing is not necessary, however, if Ms. Collins waives it, or if the proposed modification is favorable to her and the United States' does not object. The premature termination of Ms. Collins's supervised release is obviously favorable to her and the United States does not object. (Doc. 89 at 4.) Accordingly, the Court will dispose of this matter without a hearing.

among defendants with similar records who have been found guilty of similar conduct;" and (5) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a). This Court "need not discuss every factor," but the record must sufficiently establish that the Court fulfilled its "duty to explain its sentencing decisions" which extends to the early termination of supervised release context. *Emmett*, 749 F.3d at 821.

The Court finds that consideration of the foregoing factors supports the early termination of Ms. Collins's remaining term of supervised release. Ms. Collins reports that she "has completed programs such as peer support specialist course, moral injury facilitator course, and assisting individuals in crisis course." (Doc. 89 at 3–4.) She also reports that she is currently a "volunteer firefighter in her community and is the President of the TV board in her community." (*Id.* at 4.) Ms. Collins "holds the titles of Peer Support Specialist, Moral Injury Facilitator, Rural Veterans with Chronic Pain Facilitator, and is a Representative on the Veterans Foundation Board." (*Id.*) Lastly, Ms. Collins reports that she has met all of her financial obligations and has remained a law-abiding citizen. (*Id.*)

Accordingly, IT IS ORDERED that the motion (Doc. 88) is GRANTED.

IT IS FURTHER ORDERED that Ms. Collins's remaining term of supervised release is TERMINATED as of the date of this Order. The Clerk of Court is directed to notify the United States Probation Office for the District of Montana of the making

of this Order.

DATED this 19th day of May, 2023.

/s/ Dana L. Christensen

Dana L. Christensen, District Judge
United States District Court